MDR

WO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zion Z. Kauffman, | No.    CV-23-01278-PHX-JAT (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Rynning (Prison), et al., | |
| Defendants. | |

On July 11, 2023, pro se Plaintiff Zion Z. Kauffman, who is confined in the Arizona State Prison Complex-Eyman, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. On July 17, 2023, he filed a First Amended Complaint (Doc. 5) with a second amended complaint attached (the "First/Second Amended Complaint"). On August 2, 2023, Plaintiff filed an Application to Proceed In Forma Pauperis (Doc. 6). The Court will grant the Application to Proceed and will dismiss the First/Second Amended Complaint with leave to amend.

## I.    Application to Proceed In Forma Pauperis and Filing Fee

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. *Id.* The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C.

§ 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent

standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**III.   Discussion**

An amended complaint supersedes the original and prior amended complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court treats the original and prior amended complaints as nonexistent.  *Ferdik*, 963 F.2d at 1262.

Because Plaintiff's First/Second Amended Complaint includes both a first amended complaint and a second amended complaint, it is unclear whether Plaintiff intended to (1) supersede the First Amended Complaint with the Second Amended Complaint or (2) include claims from both documents.  Thus, the Court, in its discretion, will dismiss the First/Second Amended Complaint without prejudice.  The Court will give Plaintiff leave to file a third amended complaint that coherently presents all the claims Plaintiff intends to raise in this action.

**IV.   Leave to Amend**

Within 30 days, Plaintiff may submit a third amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a third amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the third amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint."  The third amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or prior Amended Complaints by reference.  Plaintiff may include only one claim per count.

A third amended complaint supersedes the original Complaint and prior Amended Complaints.   *Ferdik*, 963 F.2d at 1262; *Hal Roach Studios*, 896 F.2d at 1546.   After amendment, the Court will treat the original Complaint and prior Amended Complaints as

nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or prior Amended Complaints and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a  third amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

If Plaintiff files a third amended complaint, he should take note of the following legal standards:

### A.    Detention Facilities

Section 1983 imposes liability on any "person" who violates an individual's federal rights while acting under color of state law.  Congress intended municipalities and other local government units to be included among those persons to whom § 1983 applies. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 689-90 (1978).  However, a county detention facility or various state prison units are buildings or collections of buildings, not persons or legally created entities capable of being sued.  They are not proper defendants.

### B.    State of Arizona

Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. &*

*Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Furthermore, "a state is not a 'person' for purposes of section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).  Thus, the State of Arizona is not a proper defendant in a § 1983 action.

### C.     Access to the Courts

The right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents.  *Lewis v. Casey*, 518 U.S. 343, 350 (1996).  The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court.  *Id.* at 354.  The right "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356.

As a matter of standing, for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation.  *Id.* at 349.  To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous claim that he wished to present.  *Id.* at 352-53.

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354.  The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.* at 355.  The nonfrivolous claim must be a direct or collateral attack on the inmate's sentence or a challenge to the conditions of his confinement.  *Id.*  "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original).

. . . .

. . . .

JDDL

1

**D.     Excessive Force**

2      The Fourteenth Amendment's Due Process Clause, not the Eighth Amendment,

3  applies to the use of excessive force against pretrial detainees that amounts to punishment.

4  *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Gibson v. County of Washoe*, 290 F.3d

5  1175, 1197 (9th Cir. 2002).  Force is excessive if the officers' use of force was "objectively

6  unreasonable" in light of the facts and circumstances confronting them, without regard to

7  their mental state.  *Kingsley*, 576 U.S. at 396; *see also Graham v. Connor*, 490 U.S. 386,

8  397 (1989) (applying an objectively unreasonable standard to a Fourth Amendment

9  excessive force claim arising during an investigatory stop).  In determining whether the use

10  of force was reasonable, the Court should consider factors including, but not limited to

11
12
13
14

> the relationship between the need for the use of force and the
> amount of force used; the extent of the plaintiff's injury; any
> effort made by the officer to temper or to limit the amount of
> force; the severity of the security problem at issue; the threat
> reasonably perceived by the officer; and whether the plaintiff
> was actively resisting.

15  *Kingsley*, 576 U.S. at 397.

16      Because officers are often forced to make split-second decisions in rapidly evolving

17  situations, the reasonableness of a particular use of force must be made "from the

18  perspective of a reasonable officer on the scene, including what the officer knew at the

19  time, not with the 20/20 vision of hindsight." *Id.* at 2473-74 (citing *Graham*, 490 U.S. at

20  396).  Further, "[n]ot every push or shove, even if it may later seem unnecessary in the

21  peace of a judge's chambers," violates the Constitution. *Graham*, 490 U.S. at 396 (citation

22  omitted).

23

**E.     Statute of Limitations**

24      The applicable statute of limitations in an action under § 1983 is the forum state's

25  statute of limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261,

26  276 (1985).  The Arizona statute of limitations for personal injury actions is two years.  *See*

27  Ariz. Rev. Stat. § 12-542(1).  Accrual of § 1983 claims is governed by federal law.

28  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, a claim accrues when the

**JDDL**

plaintiff "knows or has reason to know of the injury that is the basis of the action."  *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998).  Excessive force claims accrue on the date the allegedly excessive force occurred.  *See Cabrera*, 159 F.3d at 380-81 (finding that excessive force claim accrued on the date of the arrest and assault).  False arrest/false imprisonment claims begins to run when the plaintiff has been detained pursuant to legal process, *Wallace*, 549 U.S. at 397, and unlawful searches and seizures claims "accrue[] when the wrongful act occurs," *Belanus v. Clark*, 796 F.3d 1021,1026 (9th Cir. 2015).  *See also Rollin v. Cook*, 466 F. App'x 665, 666-67 (9th Cir. 2012) (claims related to plaintiff's false arrest accrue on date plaintiff was arraigned and bound over for trial; claims related to illegal search and seizure accrued on the search date).

### F.     Damages Claims Implicating the Validity of a Conviction

A prisoner's claim for damages cannot be brought under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Claims that imply the invalidity of a plaintiff's conviction are barred by *Heck*.  *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) ("Wrongful arrest, malicious prosecution, and a conspiracy among . . . officials to bring false charges against [plaintiff]" were barred by *Heck*); *Cabrera*, 159 F.3d at 380 (*Heck* barred plaintiff's civil rights claims for false arrest and false imprisonment until conviction was invalidated); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) ("There is no question that *Heck* bars [plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."); *Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (per curiam) (claims that police officers committed perjury and coerced witnesses to wrongfully identify plaintiff were barred by *Heck*).

. . . .

. . . .

### G.    Medical Claims

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be

substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

### H.    Americans with Disabilities Act

Under Title II of the Americans with Disabilities Act (ADA), "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To state an ADA claim, a plaintiff must demonstrate that:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity' s services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1021 (9th Cir.  2010) (quoting *McGary v. City of Portland,* 386 F.3d 1259, 1265 (9th Cir. 2004)).

"The ADA . . . afford[s] disabled persons legal rights regarding access to programs and activities enjoyed by all, but do[es] not provide them with a general federal cause of action for challenging the medical treatment of their underlying disabilities."  *Carrion v. Wilkinson*, 309 F. Supp. 2d 1007, 1016 (N.D. Ohio 2004) (quoting *Galvin v. Cook*, 2000 WL 1520231, at *6 (D. Or. 2000)).

Claims based only on the provision of inadequate or negligent medical care are not cognizable under the ADA.  *See Simmons*, 609 F.3d at 1022 ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); *Kiman v. New Hampshire Dep't of Corr.*, 451 F.3d 274, 285 (1st Cir. 2006) ("When the decision being challenged is 'simply a reasoned medical judgment with which the patient disagreed,' it is more appropriate for the patient to turn to 'state medical malpractice law, not [the ADA].'" (quoting *Lesley v. Chie*, 250 F.3d 47, 58 (1st Cir. 2001))); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's

JDDL

simply failing to attend to the medical needs of disabled patients . . . .  The ADA does not create a remedy for medical malpractice.").  However, a plaintiff may have a valid claim under the ADA if he can show that a defendant discriminated against him because of his disability by denying him access to prescribed medications or accommodations.  *See Kiman*, 451 F.3d at 284-90 (upholding grant of summary judgment against plaintiff on claims that defendant failed to properly diagnose and treat plaintiff's condition, but finding disputed issues of fact regarding claims that plaintiff was denied routine access to *prescribed* medicines, a *prescribed* shower chair, *prescribed* front cuffing, and that a bottom bunk pass and cane pass that had been issued by prison officials were not being honored)

## I.    Religion

To state a First Amendment, free-exercise-of-religion claim, a plaintiff must allege that a defendant substantially burdened the practice of the plaintiff's religion by preventing him from engaging in a sincerely held religious belief and that the defendant did so without any justification reasonably related to legitimate penological interests.  *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).  In addition, under the Religious Land Use and Institutionalized Persons Act (RLUIPA), a government may not impose a substantial burden on the religious exercise of a confined person unless the government establishes that the burden furthers a "compelling governmental interest" and does so by "the least restrictive means."  42 U.S.C. § 2000cc-1(a)(1)-(2).  Under RLUIPA, the plaintiff bears the initial burden of demonstrating a prima facie claim that the challenged state action constitutes a "substantial burden on the exercise of his religious beliefs."  *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005).

A substantial burden is one that is "'oppressive' to a 'significantly great' extent. That is, a 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise."  *Id.* at 995 (quoting *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)).  A substantial burden must be "more than an inconvenience"; it prevents an inmate from "engaging in [religious] conduct

or having a religious experience." *Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1121 (9th Cir. 2000) (citations omitted).

## V.   Warnings

### A.   Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 6) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     Plaintiff's First/Second Amended Complaint (Doc. 5) is **dismissed** without prejudice.  Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with this Order.

. . . .

JDDL

1     (4)    If Plaintiff fails to file a third amended complaint within 30 days, the Clerk

2 of Court must, without further notice, enter a judgment of dismissal of this action without

3 prejudice and deny any pending unrelated motions as moot.

4     (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a

5 civil rights complaint by a prisoner.

6     Dated this 30th day of August, 2023.

7

8

9

10                                        James A. Teilborg
                              Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JDDL

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

1

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.   Change of Address.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   Certificate of Service.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:    _____
Address:_____
          Attorney for Defendant(s)

_____
(Signature)

9.   Amended Complaint.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   Exhibits.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   Letters and Motions.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

                    Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
                    (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The  first  Defendant  is  employed
as: _____ at_____.
　　　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　　(Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
　　　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　　(Institution)

3.   Name of third Defendant: _____.  The  third  Defendant  is  employed
as: _____ at_____.
　　　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　　(Institution)

4.   Name of fourth Defendant: _____.  The  fourth  Defendant  is  employed
as: _____ at_____.
　　　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　　(Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?　　　☐ Yes　　　☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

　　　a.  First prior lawsuit:
　　　　　1.   Parties: _____ v. _____
　　　　　2.   Court and case number: _____.
　　　　　3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
　　　　　　　_____.

　　　b.  Second prior lawsuit:
　　　　　1.   Parties: _____ v. _____
　　　　　2.   Court and case number: _____.
　　　　　3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
　　　　　　　_____.

　　　c.  Third prior lawsuit:
　　　　　1.   Parties: _____ v. _____
　　　　　2.   Court and case number: _____.
　　　　　3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
　　　　　　　_____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
□ Basic necessities     □ Mail     □ Access to the court    □ Medical care
□ Disciplinary proceedings   □ Property    □ Exercise of religion    □ Retaliation
□ Excessive force by an officer   □ Threat to safety   □ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies:**
  a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    □ Yes   □ No
  b.  Did you submit a request for administrative relief on Count I?    □ Yes   □ No
  c.  Did you appeal your request for relief on Count I to the highest level?   □ Yes   □ No
  d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail               ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what
**each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                           ☐ Yes        ☐ No
   b.   Did you submit a request for administrative relief on Count II?              ☐ Yes        ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?     ☐ Yes        ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.   _____
        _____.

4

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail                 ☐ Access to the court        ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property             ☐ Exercise of religion       ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes        ☐ No
    b.  Did you submit a request for administrative relief on Count III?                  ☐ Yes        ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?         ☐ Yes        ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                   DATE                                 SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6